UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY S. HANN,                                      Case No. 11-12244

                    Plaintiff,                     District Judge Sean F. Cox

v.                                                 Magistrate Judge R. Steven Whalen

CITY OF YPSILANTI, ET AL.,

                    Defendants.
                                                 /

**REPORT AND RECOMMENDATION**

On May 23, 2011, Plaintiff Gary S. Hann filed a *pro se* civil complaint in this

Court, bringing claims of various constitutional violations under 42 U.S.C. § 1983, and a

number of state law claims. He names 16 Defendants. Before the Court are three

dispositive motions, all referred for a Report and Recommendation pursuant to 28 U.S.C.

§ 636(b)(1)(B):

(1) Motion to Dismiss by Defendants City of Ypsilanti, Koryzno, Monroe,

Hamilton, Lawther, Doom, Barr, O'Jack, Martinez, Daniels, Neville and McMullan [Doc.

#8].

(2) Amended Motion to Dismiss or Alternatively Motion for Summary Judgment

by Defendants Michigan Tax Tribunal and Kimbal R. Smith III [Doc. #12].[1]

(3) Motion to Dismiss by Defendants Washtenaw County and Court Administrator

DeRossett [Doc. #14].

For the reasons discussed below, I recommend that all three motions be

---

[1] The Michigan Tax Tribunal's amended motion [Doc. #12] supersedes its original
motion [Doc. #10].

GRANTED, and that the complaint be DISMISSED WITH PREJUDICE. I further

recommend that Plaintiff Gary S. Hann be enjoined from filing any further actions in this

Court without first obtaining leave of the Court.

## I.   FACTS

The Plaintiff's complaint is somewhat rambling and difficult to follow. He sets

forth his claims in five separate Counts.

**Count I** alleges a Michigan law claim of intentional infliction of emotional

distress ("IIED"), and possibly due process and equal protection claims against the

Michigan Tax Tribunal,  Kimbal R. Smith, III, one of its members, and Sharon Doom, an

assessor for the City of Ypsilanti. It is unclear whether Defendant Jesse O'Jack is named

in this Count, but giving a liberal instruction to this *pro se* Plaintiff, I will assume that he

is. Mr. O'Jack is an attorney who represents the City of Ypsilanti before the Michigan

Tax Tribunal.

The Plaintiff alleges that the City of Ypsilanti and its assessor "repeatedly and

maliciously increased [his] property taxes" between 2002 and 2011. *Complaint*,  ¶ 34. He

alleges that he appeared before the Tax Tribunal for trial, "but was denied any

adjudication whatever when he couldn't pay an outrageous amount of monies...." *Id* ¶ 37.

He states that he "was thus absolutely and fully denied his proper day in court to

prosecute his lawsuit due to indigence." *Id.* ¶ 38.

In response, the Michigan Tax Tribunal has submitted as Exhibit 1 to its motion

[Doc. #12], a Tribunal order dated January 12, 2010. This order states, at ¶ 6, that

Plaintiff failed to pay the filing fees for multiple motions. Nevertheless, the Tribunal

waived all previous outstanding and required filing fees, "for the sole purpose of

expediting the resolution of this case." *Id.* ¶ 7. In the same order, the Tribunal set aside a

previously ordered default judgment against the Plaintiff, and denied the Plaintiff's motion for summary disposition. The Plaintiff then filed two more motions without paying the required filing fees, and the Tribunal once again waived payment in order to expedite resolution of the case. *Response* [Doc. 12], Exhibit 2.

On March 5, 2010, the Tax Tribunal entered an order of default against Plaintiff, based on his failure to comply with previous orders, but gave Plaintiff 14 days to cure the default. *Id*., Exhibit 3. On April 1, 2010, the Tribunal gave Plaintiff additional time to cure the default. *Id*., Exhibit 4.  On May 26, 2010, the Tribunal dismissed Plaintiff's appeal based on his failure to cure the default. *Id*., Exhibit 5.  Plaintiff did not appeal this dismissal to the Michigan Court of Appeals.

**Count II** centers on what Plaintiff terms an "outrageous charge for trash removal without notice" and an "unconstitutional Ypsilanti ordinance." *Complaint*, p.11. He claims that on August 13, 2008, the City of Ypsilanti removed "a bit of trash" from his front yard, without notice, and sent him a bill for $333.00. *Id*. ¶¶  42, 44. He sought administrative relief, which was ultimately denied by Defendant Koryzno, the City Manager. *Id*. ¶ 46.

Although Plaintiff claims he was given no notice, Exhibit L of Defendants' motion [Doc. #8] is a Notice, dated August 5, 2005, indicating Plaintiff's address and that (1) trash items were placed outside at a non-designated time, and (2) non-collectible items were required to be removed. The Notice also states that failure to correct the violations will result in a civil infraction and/or removal of the items at the Plaintiff's expense. The Notice was signed by Defendant Monroe. Exhibit J is a photograph of the trash. It looks pretty bad.

This Count appears to be applicable to Defendants City of Ypsilanti, Koryzno,

Monroe, and O'Jack.

**Count III** involves a May 24, 2008 monetary dispute between Plaintiff and a contractor or workman in which Ypsilanti Police Officers Hamilton and Lawther intervened in an attempt to settle the dispute. The Plaintiff ended up writing the workman a check for $160.00. *Complaint*, ¶¶ 55-61. The Plaintiff claims "forceful taking of personal monies," false imprisonment, extortion, "tortuous" (sic tortious) interference with contract, and IIED, apparently naming the two Police Officers and the City of Ypsilanti.

**Count IV** alleges various claims arising out of Plaintiff's appearance for a hearing before the Ypsilanti Administrative Hearings Bureau on April 21, 2011. Plaintiff claims that he was forced to wait for his case to be heard "in almost suffocating" 76-degree heat, and that "[t]he 'Tribunal' acted as a Kangaroo Court, convicting everyone and requiring enormous fees and costs for apparently the most minor of code violations." *Complaint*, ¶ 74. In this Count, Plaintiff sues Defendants City of Ypsilanti, McMullan, Martinez, Daniels and Barr.

**Count V** alleges "denial and delay of Ypsilanti 14-A2 District Court. *Id*. p. 18. Plaintiff alleges that in three of his cases that were dismissed, "the actions or non actions [dismissing the cases] were primarily ministerial or administrative and non-judicial," and that the court's actions violated the Michigan Code of Judicial Conduct. *Id*. ¶ 90. With regard to these claims, Plaintiff has sued Washtenaw County and 14-A District Court Administrator Gene DeRossett.

Attached to Defendants' motion as Exhibit D is Plaintiff's Washtenaw County Circuit Court complaint, filed on August 26, 2009, that raised the same claims against the same Defendants in this case. Specifically, that complaint alleged claims arising out of (a)

the May 24 dispute involving Officers Hamilton and Lawther, Count III of the present complaint; (b) the trash removal issue of August, 2008, Count II of the present complaint; and (3) the tax assessment issue, Count I of the present complaint. Also part of Exhibit D is the court's order granting summary disposition to Defendants City of Ypsilanti and O'Jack.

Submitted as Defendants' Exhibit E is an order from the 14A District Court for Washtenaw County, granting summary disposition to Defendants Koryzno, Monroe, Hamilton, and Lawther, regarding the trash removal claims (Count II of the present complaint) and the "extortion"/monetary dispute of May, 2008 (Count III of the present complaint). Exhibit F is an order denying reconsideration.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929

(2007), the Court,  construing the requirements of Fed.R.Civ.P. 8(a)(2),[2] held that

although a complaint need not contain detailed factual allegations, its "[f]actual

allegations must be enough to raise a right to relief above the speculative level...on the

assumption that all the allegations in the complaint are true."  *Id.*, 127 S.Ct. at 1964-65

(internal citations and quotation marks omitted). Further, "a plaintiff's obligation to

provide the grounds of his entitlement to relief requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (Internal

citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v.*

*City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint

must "state a claim to relief that is plausible on its face."  *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the

Court explained and expanded on what it termed the "two-pronged approach" of

*Twombley*.[3] First, it must be determined whether a complaint contains factual allegations,

as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice."  *Id.*, 129 S.Ct. at 1949, citing

*Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim

for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as
> the Court of Appeals observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common sense.  But
> where the well-pleaded facts do not permit the court to infer more than the
> mere possibility of misconduct, the complaint has alleged–but it has not
> 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950
> (Internal citations omitted).

---

[2] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of
the claim showing that the pleader is entitled to relief."

[3] *Twombley* was an antitrust case.  *Iqbal* was a prisoner civil rights case.  In any
event, it is clear that the *Iqbal* standard is applicable to all 12(b)(6) motions.

## III.    DISCUSSION

This case is so patently frivolous that one hardly knows where to begin. Nevertheless, I will discuss, in turn, the most obvious grounds for granting each of the three motions to dismiss.

### A.    The Ypsilanti Defendants [Doc. #8]

Counts II, III and IV of the complaint are directed at Defendants City of Ypsilanti, Koryzno, Monroe, Hamilton, Lawther, Barr, O'Jack, Martinez, Daniels, Neville and McMullan. Count I is apparently directed at Defendant Doom, who was the City Assessor, and Defendant O'Jack, who represented the City before the Tax Tribunal.

Counts I, II and III must be dismissed under both the *Rooker-Feldman* doctrine and the doctrine preclusion, both res judicata and collateral estoppel.

### 1.    Rooker-Feldman

The *Rooker-Feldman* doctrine divests federal district courts of subject matter jurisdiction to review state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002). *Rooker-Feldman* reflects the principle set forth in 28 U.S.C. § 1257 that the United States Supreme Court is the sole federal court with jurisdiction to review state court decisions. The doctrine precludes district courts from hearing challenges to state court decisions "even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the Supreme Court clarified when a *Rooker-Feldman* jurisdictional bar come into play:

> "The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-

court losers complaining of injuries caused by state-court judgments
rendered before the district court proceedings commenced and inviting
district court review and rejection of those judgments."

The claims contained in Counts I, II and III of Plaintiff's complaint were before

the Washtenaw County Circuit Court, which granted summary disposition to Defendants

City of Ypsilanti and O'Jack. *See* Defendants' Exhibit D. The claims contained in Counts

II and III of the present complaint were before the Washtenaw County District Court,

which granted summary disposition to Defendants Koryzno, Monroe, Hamilton, and

Lawther, and denied reconsideration. *See* Defendants' Exhibits E and F.

In addition, following the Michigan Tax Tribunal's adverse decision, Plaintiff did

not take an appeal by right to the Michigan Court of Appeals, as he was entitled to do

under M.C.L § 205.753.

To sustain the Plaintiff's complaint in this case would require the Court to in effect

act as an appellate tribunal and conclude that the Michigan courts simply made the wrong

decision. It is apparent that Plaintiff is a classic "state court loser" who now seeks to have

this Court review a state court judgment that is not to his liking, and that he elected not to

appeal through the Michigan system. These claims are jurisdictionally barred under

*Rooker-Feldman* and *Exxon Mobil*.

### 2.    Res Judicata

Even if *Rooker-Feldman* did not apply, these claims would be barred under

principles of *res judicata*, or claim preclusion, and collateral estoppel.[4]  As the Supreme

Court noted in *Exxon Mobil*, the "Full Faith and Credit Act...requires the federal court to

---

[4] Regarding the issues in this case that were in fact raised in the state court proceedings, the applicable preclusion principle would be collateral estoppel, or issue preclusion. Claims that could have been, but were not raised in state court fall within the doctrine of *res judicata*.

give the same preclusive effect to a state-court judgment as another court of that State

would give.'"  125 S.Ct. at 1527, quoting *Parson Steel Inc. v. First Alabama Bank*, 474

U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986); *Sinclair v. Bankers Trust, supra*.

Michigan has adopted a broad application of the doctrine of res judicata which bars not

only claims actually litigated in the prior action, but all claims arising out of the same

transaction that the parties, exercising reasonable diligence, could have raised in the prior

action but did not.  *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich.

App. 389, 396, 573 N.W.2d 336 (1997).

     Application of the doctrine of res judicata in Michigan  requires that (1) the first

action be decided on its merits, (2) the matter being litigated in the second case was or

could have been resolved in the first case, and (3) both actions involved the same parties

or their privies.  *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App.

559, 562, 567 N.W.2d 456 (1997) (1997).  "The test for determining whether two claims

are identical for res judicata purposes is whether the same facts or evidence are essential

to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich.

App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are

the same.  *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829

(1993), *mod'f on other grounds*, *Patterson v. Kleiman*, 447 Mich. 429, 433 n.3 (1994).

     As to Counts I, II and III, the underlying facts are virtually identical to the facts of

the state court cases, as are the parties. Whether analyzed as *res judicata* or collateral

estoppel, Counts I, II and III must be dismissed under principles of preclusion.

### 3.   Count IV

     Count IV, in which Plaintiff alleges discomfort and displeasure associated with a

hearing before the City's Administrative Hearings Bureau, was not nor could it have been

the subject of Plaintiff's previous state court cases, and thus preclusion does not apply. However, Plaintiff has failed to state a claim against Defendants City of Ypsilanti, McMullan, Martinez, Daniels and Barr.

Defendant Barr is an attorney who represents the City of Ypsilanti in the Administrative Hearings Bureau, with regard to violations of property ordinances. As such, he owes no duty and cannot be liable to adverse parties in these cases, such as the Plaintiff. *Friedman v. Dozorc*, 412 Mich. 1, 312 N.W.2d 585 (1981) ("The creation of a duty in favor of an adversary of the attorney's client would create an unacceptable conflict of interest which would seriously hamper an attorney's effectiveness as counsel for his client").

The other Defendants in this Count–Frank Daniels, Ordinance Enforcement Officer; Frances McMullan, Ypsilanti City Clerk and Administrative Hearing Bureau Clerk; Debbie Neville, Ypsilanti Building Inspector; and Joel Martinez, Administrative Hearing Officer–were all the highest appointed officials in their respective departments, and all were acting within the scope of their governmental authority with regard to the administrative hearing. Defendant Martinez was the Bureau's judicial officer. These Defendants are therefore protected by absolute immunity under Michigan's governmental tort liability act, M.C.L. § 691.1401, et seq. More specifically, M.C.L § 691.1407(5) provides:

> "A judge, a legislator, and the elective or highest appointive executive
> official of all levels of government are immune from tort liability for injuies
> to persons or damages to property if he or she is acting within the scope of
> his or her judicial, legislative, or executive authority."

Plaintiff has not pled any exception to governmental immunity, nor has he alleged any facts that would plausibly support a claim under the Americans with Disabilities Act, 42 U.S.C. § 12131, *et. seq.* Nor, as a substantive matter, has he set forth any facts, beyond

conclusory opinions, that would state a claim for a due process violation or false imprisonment.

Accordingly, Defendants' motion [Doc. #8] should be GRANTED.

### B.    The Michigan Tax Tribunal [Doc. #12]

As discussed above, Plaintiff did not appeal the Tax Tribunal's decision by right to the Michigan Court of Appeals. In addition, the precise issues raised in this case were raised and dismissed in his Washtenaw County Circuit Court case. Therefore, for the same reasons as set forth in the previous section, Defendants Michigan Tax Tribunal and the City's attorney, Jesse O'Jack, must be dismissed under *Rooker-Feldman* and claim and issue preclusion.[5]

### C.    Washtenaw County Defendants [Doc. #14]

In Count V, Plaintiff sues Washtenaw County and 14-A District Court Administrator Gene DeRossett, based on three District Court cases that were dismissed.

These Defendants correctly note that Michigan's 14-A District Court is not a County Court. Rather, district courts in Michigan are arms of the State, not the counties. *Pucci v. Nineteenth Dist. Court,* 628 F.3d 752, 763-64 (6th Cir.2010). The complaint contains no factual allegations against Washtenaw County. Thus, under *Iqbal*, Washtenaw County must be dismissed.

Likewise, there are no allegations of the personal involvement of Court Administrator DeRossett in any actionable claims. *See Rizzo v. Goode*, 423 U.S. 362, 372, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Bellamy v. Bradley,* 729 F.2d 416 (6th Cir. 1984); *R.S.S.W., Inc. v. City of Keego Harbor*, 18 F.Supp.2d 738, 749 (E.D. Mich. 1998), citing

---

[5] As the City's attorney, Mr. O'Jack is also subject to dismissal under *Friedman v. Dozorc*, *supra*.

*Veney v. Hogan*, 70 F.3d 917, 922 (6ᵗʰ Cir. 1995)(claims "unaccompanied by specific allegations regarding any one person" are insufficient, and "have been flatly rejected by the Sixth Circuit.").

Moreover, Plaintiff's claim that entry of the judgments and dismissals in these cases was "ministerial" is nothing short of absurd. The judges' rulings were clearly judicial in nature, and were within the scope of their judicial authority and jurisdiction. To the extent that Plaintiff seeks to amend the complaint to add these judges, such request would be futile, since they are protected by judicial immunity. Judges enjoy absolute immunity from personal liability for "acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).  The absolute immunity of a judge applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985).  Judicial immunity may be defeated only by showing that the judge's actions were not judicial in nature or that the judge lacked jurisdiction.  *Mireles v. Waco,* 502 U.S. 9, 11-12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

Finally, because granting Plaintiff relief on Count V would call into question the validity of the state court judgments–judgments that Plaintiff did not appeal through the state court system–these claims are barred under *Rooker-Feldman*.

Washtenaw County's and Defendant DeRossett's motion to dismiss should therefore be GRANTED.

## IV.   FILING INJUNCTION

In its motion [Doc. #13], Washtenaw County asks that Plaintiff be enjoined from filing any more lawsuits in this Court without the Court's prior authorization. This request

is well-taken. In *Geter v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL

2112465, *1 (E.D.Mich. 2011), Judge Cohn explained the Court's inherent authority to

enjoin vexatious litigants:

> "[F]ederal courts have both the inherent power and constitutional obligation
> to protect their jurisdiction from conduct which impairs the ability to carry
> out Article III functions. *Procup v. Strickland,* 792 F.2d 1069, 1073 (11th
> Cir.1986). Moreover, this court has the responsibility to prevent litigants
> from unnecessarily encroaching on judicial machinery needed by others. *Id.*
> To achieve these ends, the Sixth Circuit has approved enjoining vexatious
> litigants by requiring them to obtain leave of court before submitting
> additional filings. *Filipas v. Lemons,* 835 F.2d 1145 (6th Cir.1987); *Wrenn
> v. Vanderbilt Univ. Hosp.,* Nos. 94–5453, 94–5593, 1995 WL 111480 (6th
> Cir. Mar.15, 1995) (authorizing a court to enjoin harassing litigation under
> its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations
> omitted))."

Mr. Hann is no stranger to this Court. A review of CM/ECF or PACER reveals

that he has brought 11 cases to this Court, including the present case. Two were habeas

corpus cases brought under 28 U.S.C.  § 2254, challenging his state court conviction.

One, *Brown v. Hann*, E.D. Mich. No. 10-14869, was a case he tried to remove from state

small claims court! The others were dismissed as frivolous or remanded because there

was no federal jurisdiction. A sampling of Plaintiff's cases is as follows: *Hann v. State

Treasurer*, E.D. Mich. No. 04-70977 (Rosen, J.) (dismissing based on Plaintiff's improper

removal from state court); *Hann v. State of Michigan*, E.D. Mich. No. 05-71347 (Borman,

J.) (dismissing claims related to SCFRA and Plaintiff's IRA, based on *Rooker-Feldman*

doctrine); *Hann v. State Treasurer*, E.D. Mich. No. 07-13687 (Edmunds, J.) (accepting

my Report & Recommendation that bankruptcy appeal be dismissed under *Rooker-

Feldman*, and as frivolous); *In re Gary S. Hann*, E.D. Mich. No. 08-14516 (Edmunds,

J.)(bankruptcy appeal, dismissed as frivolous); *Hann v. State of Michigan*, E.D. Mich. No.

08-14565 (Edmunds, J.)(dismissed-bankruptcy appeal filed untimely).

Defendants note that the Michigan Court of Appeals docket shows 17 of Plaintiff's

2:11-cv-12244-SFC-RSW Doc # 27 Filed 02/29/12 Pg 14 of 15 Pg ID 609

cases, and that "[t]hese numbers [do] not include additional lower state court actions in the small claims court, court of claims, district courts, and circuit courts." Motion [Doc. #14], at 8. Defendants also state that the 14-A District Court sanctioned Mr. Hann $3,159.86 for suing the state judges referenced in this case. *See* Defendants' Exhibit 1.[6]

Enough is enough. Mr. Hann seems to believe that all his many grievances, and all the slings and arrows of outrageous fortune, real or perceived, that befall him have some remedy in this Court. They do not. His persistent frivolous filings result in unnecessary legal expense to the opposing parties, and soak up scarce judicial resources like a giant sponge.

In the words of boxer Roberto Duran, "*No más.*" I recommend that Plaintiff Gary Hann be enjoined from filing any future civil litigation in this Court without first obtaining authorization of this Court.

## V. CONCLUSION

For these reasons, I recommend that all three motions to dismiss [Doc. #8, Doc. #12 and Doc. #14] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

I further recommend that Plaintiff Gary Hann be enjoined from filing any future civil litigation in this Court without first obtaining authorization of this Court.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);

---

[6] Defendant Washtenaw County has a separate motion for Rule 11 sanctions pending [Doc. #15].

-14-

*Howard v. Secretary of HHS,* 932 F.2d 505 (6ᵗʰ Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6ᵗʰ Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6ᵗʰ Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6ᵗʰ Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: February 29, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on February 29, 2012.

Gary S. Hann                                    s/Johnetta M. Curry-Williams
PO Box 7013                                     Case Manager
Ann Arbor, MI 48107