UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY S. HANN,                                                     Case No. 11-12244

        Plaintiff,                                              District Judge Sean F. Cox

v.                                                                         Magistrate Judge R. Steven Whalen

CITY OF YPSILANTI, ET AL.,

        Defendants.
_____/

**OPINION AND ORDER**

Before the Court is a Motion for Sanctions filed by Defendants Washtenaw County and Court Administrator Gene DeRossett [Doc. #15]. These Defendants seek sanctions under Fed.R.Civ.P. 11 and 54(d), and attorney fees and costs under 42 U.S.C. § 1988. For the reasons discussed below, the request for Rule 11 sanctions is GRANTED, and the request for attorney fees and costs is DENIED WITHOUT PREJUDICE.

**I.   FACTS**

On May 23, 2011, Plaintiff Gary S. Hann filed a *pro se* civil complaint in this Court, bringing claims of various constitutional violations under 42 U.S.C. § 1983, and a number of state law claims. He names 16 Defendants, including the County of Washtenaw and Gene DeRossett, the Court Administrator for Michigan's 14-A District Court. These claims were based on three District Court cases that were dismissed.

On February 29, 2012, I filed a Report and Recommendation ("R&R") that Defendants' motion to dismiss be granted [Doc. #27]. I recommended dismissal of Washtenaw County because district courts in Michigan are arms of the State, not the counties. *Pucci v. Nineteenth Dist. Court,* 628 F.3d 752, 763-64 (6th Cir.2010). Plaintiff

-1-

challenged the *court's* dismissal of some cases, but there were no factual allegations against the County.

As to Mr. DeRossett, the Court Administrator, I likewise found no allegations of personal involvement. I also found that any claims relating to the propriety of the disposition of the three dismissed civil cases would be barred by the *Rooker-Feldman* doctrine. Finally, I found that "Plaintiff's claim that entry of the judgments and dismissals in these cases was 'ministerial' is nothing short of absurd."

The R&R is pending before the District Judge. Plaintiff has requested an extension of time to file objections.

## II.   DISCUSSION

### A.   Rule 54(d) and § 1988

In actions brought under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee." 42 U.S.C. § 1988(b). Likewise, Rule 54(d) provides for costs and fees to a prevailing party.

My R&R is still pending, and judgment in favor of these Plaintiffs has not yet been entered. The Defendants' motion for fees and costs is premature, and is therefore DENIED WITHOUT PREJUDICE.

### B.   Rule 11

Fed. R. Civ. P.11 provides for sanctions against an attorney or unrepresented party who files a pleading for any improper purpose, or which has no basis in law or fact. *See Business Guides, Inc. v. Chromatic Communications, Inc.*, 498 U.S. 533, 541-46 (1991). The primary purpose of Rule 11 sanctions is to deter future conduct of a like nature. *Danvers v. Danvers*, 959 F.2d 601, 604-605 (6th Cir. 1992).

Rule 11(c)(2) sets forth a "safe harbor" provision that requires that a motion for

sanctions not be filed until 21 days after service. "A party seeking Rule 11 sanctions must satisfy the procedural requirements of [Rule 11(c)(2)], commonly known as the 'safe harbor' provision. This is an 'absolute requirement.'" *Mabbitt v. Midwestern Audit Service, Inc*. 2008 WL 1840620, *1 (E.D.Mich. 2008) (Edmunds, J.), citing *Ridder v. City of Springfield,* 109 F.3d 288, 296 (6th Cir.1997).

In this case, the Defendants complied with the "safe harbor" provision by serving the Plaintiff with a copy of the motion for sanctions on July 25, 2011, along with a copy of the motion to dismiss, a proposed stipulated order to dismiss the County of Washtenaw and Mr. DeRossett, and a cover letter requesting dismissal. The letter also expressed Defendants' intent to file the motion for sanctions after the 21-day period if Plaintiff did not stipulate to dismiss.[1]

In my R&R, I observed that "[t]his case is so patently frivolous that one hardly knows where to begin." I noted that Plaintiff was a frequent filer of frivolous cases in this Court and in State courts, and I recommended that he be enjoined from filing future civil complaints without first obtaining leave of the Court. The claims against Defendants Washtenaw County and DeRossett are particularly frivolous.

Given the Plaintiff's history of vexatious litigation, and the total lack of any merit in his claims against these Defendants, it is fair to ask: If Mr. Hann does not deserve Rule 11 sanctions, who does? In addition to the filing injunction I have recommended, a monetary sanction is necessary to deter Plaintiff's misconduct going forward.

### III.   CONCLUSION

The Defendants' motion for Rule 11 sanctions [Doc. #15] is therefore GRANTED, in the amount of $2,500.00. Plaintiff will remit that amount to counsel for Defendants

---

[1] This material is attached to Defendants' motion [Doc. #15].

Washtenaw County and Gene DeRossett within 30 days of the date of this Opinion and Order.

Defendants' motion for fees and costs under 42 U.S.C. § 1988 and Fed.R.Civ.P. 54(d) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date:  March 15, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on March 15, 2012.

Gary S Hann
PO Box 7013
Ann Arbor, MI 48107-7013

s/Johnetta M. Curry-Williams
Case Manager